**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 30, 2011

No. 10-20586

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SYLVIA SMITH,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-420-2

Before JONES, Chief Judge, and HIGGINBOTHAM and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sylvia Smith was convicted for submitting false Medicare claims for Ensure-brand feeding formula. At trial, evidence showed that the claims were actually for Glucerna-brand formula. Smith argues this discrepancy between the evidence and the indictment was a constructive amendment requiring reversal of her conviction. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20586

## STATEMENT OF FACTS

Sylvia Smith was indicted on six counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2, and an associated conspiracy count. Counts five and six charged Smith with submitting false Medicare claims for "Enriched Ensure and Feeding Kit[s]" for two patients. Evidence at trial established that the Medicare claims Smith filed for these patients were actually for Glucerna, not Ensure. The two brands of feeding formula have slightly different formulas and separate Medicare billing codes. Glucerna is billed at a slightly higher price. Otherwise, the brands are largely interchangeable.

This discrepancy went unnoticed until jury deliberations, when the jury sent the following note:

> The jury has a question regarding . . . specifically Counts 5 & 6. The 'Description of Items Billed' in both counts specifically mentions Enriched Ensure. After reviewing [the patients'] files, it comes to light that both patients were not provided Ensure, but Glucerna. Does this difference affect the validity of both counts[?]

Over Smith's objection, the court responded, in part:

> It is not necessary . . . that the government prove all of the details alleged in the indictment concerning the precise nature of the alleged scheme. What must be proven beyond a reasonable doubt is that the accused knowingly executed or attempted to execute a scheme that was substantially similar to the scheme alleged in the indictment.

Smith objected that the court's instruction was a constructive amendment of the indictment. According to Smith, "The government charged Ensure. They need to prove Ensure." The jury returned a guilty verdict on all counts. A timely appeal followed.

## DISCUSSION

Smith argues that allowing the jury to convict based on evidence showing false claims for Glucerna, when the indictment charged Ensure, was an impermissible amendment of the indictment. This court reviews *de novo*

2

No. 10-20586

whether there has been a constructive amendment. *United States v. McMillan*, 600 F.3d 434, 450 (5th Cir. 2010).

"After an indictment has been returned, its charges may not be broadened through amendment except by the grand jury itself." *Id.* (quotation marks, brackets, and citation omitted). Not all variations between allegation and proof, however, "rise to the level of a constructive amendment." *United States v. Millet*, 123 F.3d 268, 272 (5th Cir. 1997).

> A constructive amendment occurs when it permits the defendant to be convicted upon a factual basis that effectively modifies an essential element of the offense charged or permits the government to convict the defendant on a materially different theory or set of facts than that with which she was charged.

*McMillan*, 600 F.3d at 451 (quotation marks and citation omitted).

If a variance does not modify an essential element of the offense, it is evaluated for harmless error. *United States v. Adams*, 778 F.2d 1117, 1123 (5th Cir. 1985). According to that standard, a defendant must show that the variance in the language between the indictment and the jury charge severely prejudiced his defense. *United States v. Scher*, 601 F.3d 408, 411 (5th Cir. 2010).

The parties dispute whether Smith properly objected at trial. Regardless of the review standard, though, there was no constructive amendment. The "essential elements" required to prove health care fraud are that the defendant defrauded a health care benefit program or obtained money or property from a health care benefit program by means of false representation. *See* 18 U.S.C. § 1347. The government's theory was that the Medicare claims were false because they listed treatments that were not medically necessary or that were not actually provided to the patients. Substituting one brand of feeding formula for another did not require the government to adopt a different legal theory to prove any element of its case.

3

No. 10-20586

There is no possibility that Smith was convicted of a crime separate from the one charged in the indictment, as the evidence and the indictment both described the same act. In fact, the indictment contained a "misdescription of the same identical [offense]" as the fraud described at trial, a difference that does not rise to the level of a constructive amendment. *United States v. Chambers*, 408 F.3d 237, 245 (5th Cir. 2005).

Smith has failed to establish that the minor discrepancy between the indictment and evidence presented at trial severely prejudiced her defense. *See Scher*, 601 F.3d at 411. The indictment was sufficient to give her notice of the charges against her and the evidence that supported those charges. *See, e.g., United States v. Shah*, 44 F.3d 285, 296 (5th Cir. 1995). Smith has not shown that the error in any way hampered her in preparing a defense.

AFFIRMED.